# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| HAKIMAH JABBOR,<br>Plaintiff, | Case No. 1:18-cv-95<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| JAMES GRAHAM,<br>Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Hakimah Jabbor, a resident of Columbus, Ohio, brought a state court action against United States District Judge James Graham by filing a Petition for Civil Stalking Protection Order. (Doc. 1-3). The matter was removed to federal court and is now before the Court on defendant's motion to dismiss. (Doc. 2). Plaintiff was granted an extension of time until July 6, 2018 to file a response to the motion to dismiss. (Doc. 8). To date, plaintiff has failed to file a memorandum in opposition to the motion to dismiss. For the reasons that follow, the motion to dismiss should be granted.

Plaintiff's pro se petition alleges that defendant Graham "is avoiding having court, so I will not receive my property, he has consitantly (sic) use the courts to impede me serving him cease and desist orders." (Doc. 1-3 at PAGEID#: 7). Plaintiff's petition arises from a criminal forfeiture proceeding pending before Judge Graham. *See United States v. Deandre Forrest*, Case No. 2:17-cr-158-1 (S.D. Ohio).[1] Pursuant to a Preliminary Order of Forfeiture entered in that case, plaintiff file a third-party petition claiming an interest in the property subject to the Order. (*Id.*, Doc. 56). Plaintiff filed numerous motions in connection with the Preliminary Order of

---

[1] Federal courts may take judicial notice of proceedings in other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

Forfeiture, and on January 16, 2018, Judge Graham granted the government's motion to dismiss plaintiff's forfeiture petition for failure to comply with 21 U.S.C. § 853(n). (*Id.,* Doc. 77). On January 19, 2018, three days after Judge Graham's Order regarding plaintiff's forfeiture petition, plaintiff filed a Petition for a Civil Stalking Protection Order with the Franklin County Court of Common Pleas. (Petition, ECF No. 1-3, at PageID#: 7). Defendant then removed the case to this Court.

Plaintiff's petition should be dismissed because it seeks relief from a defendant who is immune from such relief. Plaintiff's claims against Judge Graham are barred by judicial immunity. Judges are afforded absolute immunity from liability for acts they commit while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). It is clear that the decisions made by Judge Graham in the federal forfeiture proceeding were functions normally performed by judges. *Stump*, 435 U.S. at 362. Plaintiff's state court petition related solely to the forfeiture proceedings in Case No. 2:17-cr-158-1 and did not address any nonjudicial or personal acts by Judge Graham. In addition, plaintiff has alleged no facts indicating that Judge Graham acted "in the complete absence of all jurisdiction" in dismissing plaintiff's third-party petition claiming an interest in the property subject to the Preliminary Order of Forfeiture. *See Stern*, 262 F.3d at 607. Therefore, Judge

Graham is absolutely immune from civil liability in this matter. Accordingly, defendant's motion to dismiss should be granted because plaintiff's petition seeks relief from a defendant who is immune from suit.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 7/31/18

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAKIMAH JABBOR,
Plaintiff,

vs.

JAMES GRAHAM,
Defendant.

Case No. 1:18-cv-95
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).